OLIVIERO INGRAMI, Respondent, v BRETT ROVNER, Defendant, and MARC ROVNER, Appellant. [847 NYS2d 132]—

In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, the defendant Marc Rovner appeals from so much of (1) an order of the Supreme Court, Nassau County (McCarty, J.), entered January 12, 2007, as denied his cross motion pursuant to CPLR 3025 (b) for leave to amend the answer to add the defense of statute of limitations, and (2) an order of the same court entered March 22, 2007, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order entered January 12, 2007, is dismissed, as the order was superseded by the order entered March 22, 2007, made upon reargument; and it is further,

Ordered that the order entered March 22, 2007, is modified, on the law, by deleting the provision thereof, which, upon reargument, adhered to so much of the original determination in the order entered January 12, 2007, as denied that branch of the cross motion which was for leave to amend the answer to add the defense of statute of limitations with respect to the cause of action for unjust enrichment and substituting therefor

a provision, upon reargument, granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In February 2001, at the behest of the appellant, Marc Rovner, and his brother, the defendant Brett Rovner (hereinafter collectively the Rovners), the plaintiff, Oliviero Ingrami, allegedly transferred the sum of approximately $150,000 to the Rovners as an investment in a new business venture called Sterling Management Industries, LLC (hereinafter Sterling), which would act as a holding company for EMR Realty, Inc. (hereinafter EMR), a commercial real estate firm. According to the plaintiff, the Rovners misled and induced him to turn over the money by promising him an ownership interest in Sterling and other perquisites. The plaintiff alleged that to his detriment, he relied upon the Rovners' representations, which they knew to be false and had no intention of fulfilling. The plaintiff further alleged that unbeknownst to him, in or around July 2002, the Rovners sold or transferred the assets of EMR, effectively ending Sterling's operations. According to the plaintiff, he did not learn of the sale until the fall of 2003 and did not receive any portion of the sale proceeds. Upon learning of the Rovners' alleged misdeeds, the plaintiff demanded the return of his investment, as well as a share of the sale proceeds; the Rovners refused the demands. In June 2004, the plaintiff commenced this action against the Rovners alleging fraud, conversion, breach of contract, breach of fiduciary duty, and unjust enrichment, and seeking an accounting. In early 2006, the Supreme Court granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the breach of contract, breach of fiduciary duty, and accounting causes of action. In late 2006, the appellant cross-moved for leave to amend the answer to add the defense of statute of limitations with respect to the remaining causes of action alleging fraud, conversion, and unjust enrichment. The Supreme Court denied the cross motion, thereafter granted reargument, and upon reargument, adhered to its original determination.

Upon reargument, the Supreme Court providently exercised its discretion in adhering to its original determination denying those branches of the appellant's cross motion which were pursuant to CPLR 3025 (b) for leave to amend the answer to add the defense of statute of limitations with respect to the fraud and conversion causes of action. However, the Supreme Court should have granted that branch of the cross motion which was for leave to amend the answer to add the defense of statute of limitations with respect to the unjust enrichment cause of action.

Pursuant to CPLR 3025 (b), leave to amend a pleading should be freely given. A determination whether to grant such leave is within the trial court's broad discretion, and the exercise of that discretion will not be lightly disturbed (*see Sayers v Albicocco*, 298 AD2d 572, 573 [2002]; *Henderson v Gulati*, 270 AD2d 308 [2000]). As a general rule, leave to amend a pleading should be granted where there is no significant prejudice or surprise to the opposing party and where the evidence submitted in support of the motion indicates that the amendment may have merit (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). The court must examine the merits of a proposed amendment, as leave to amend should not be granted where the proposed amendment is totally without merit or palpably insufficient as a matter of law (*see Hill v 2016 Realty Assoc.*, 42 AD3d 432, 433 [2007]). Where a defendant has failed to assert the statute of limitations defense in both a motion to dismiss and in the answer, he or she may nonetheless seek leave to amend the answer to assert such defense (*see* CPLR 3211 [e]; *Fahey v County of Ontario*, 44 NY2d 934, 935 [1978]; *Lipman v Vebeliunas*, 39 AD3d 488, 490 [2007]; *Hickey v Hutton*, 182 AD2d 801, 802 [1992]).

Here, the appellant's proposed amendment adding the statute of limitations defense with respect to the fraud and conversion causes of action is totally without merit. Contrary to the appellant's claim, the fraud and conversion causes of action are governed by the six-year statute of limitations contained in CPLR 213 (8) (*see Petrou v Ehmer Intl. Foods*, 167 AD2d 338, 339 [1990]; *see also Klein v Gutman*, 12 AD3d 417 [2004]). Since the causes of action accrued in February 2001 when the plaintiff transferred the money in reliance upon the defendants' allegedly false representations, the action was timely commenced in June 2004.

The Supreme Court improvidently exercised its discretion in denying that branch of the appellant's cross motion which was for leave to amend the answer to add the statute of limitations defense with respect to the unjust enrichment cause of action. Contrary to the plaintiff's contention, the three-year statute of limitations of CPLR 214 (3) governs here, since the plaintiff is seeking monetary, as opposed to equitable, relief (*see Lambert v Sklar*, 30 AD3d 564 [2006]; *cf. Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]). The statute of limitations on an unjust enrichment claim begins to run upon the occurrence of the wrongful act giving rise to the duty of restitution (*id.*). Thus, the action commenced in June 2004 is arguably untimely as the appellant's alleged wrongful acts oc-

curred in February 2001. Since the appellant's proposed amendment to assert the statute of limitations defense with respect to the unjust enrichment cause of action may have merit, the Supreme Court should have granted that branch of the appellant's cross motion which was for leave to amend the answer with respect to that cause of action.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.