OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed without costs, defendant’s cross motion for leave to amend its answer and, upon such amendment, for summary judgment dismissing the complaint granted, and complaint dismissed.
In this action by a provider to recover assigned first-party no-fault benefits for services rendered, plaintiff moved for summary judgment. Defendant cross-moved for leave to amend its answer to assert the affirmative defense of collateral estoppel, and, upon such amendment, for summary judgment dismissing the complaint. The Civil Court denied plaintiffs motion and defendant’s cross motion. Defendant appeals from so much of the order as denied its cross motion.
Generally, leave to amend a pleading pursuant to CPLR 3025 (b) should be granted where there is no significant prejudice or surprise to the opposing party and where the proof submitted in support of the motion indicates that the cause of action or defense to be asserted in the amendment may have merit (see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Ingrami v Rovner, 45 AD3d 806, 808 [2007]). The court must examine the merits of the cause of action or defense to be asserted in the proposed amendment since leave to amend should not be granted where the cause of action or defense to be *44 asserted is totally without merit or is palpably insufficient as a matter of law (see Ingrami, 45 AD3d at 808; Hill v 2016 Realty Assoc., 42 AD3d 432, 433 [2007]).
Defendant sought leave to amend its answer in order to interpose the affirmative defense of collateral estoppel because there was a prior arbitration proceeding between the parties in which plaintiff had sought to recover assigned first-party no-fault benefits for services rendered to a different assignor. In said proceeding, the arbitrator determined that plaintiff was ineligible to receive reimbursement of no-fault benefits because it was a fraudulently incorporated professional service corporation (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 322 [2005]). Inasmuch as plaintiff failed to demonstrate that prejudice or surprise would result from allowing the proposed amendment (see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755 [1983]), and the proposed affirmative defense was neither devoid of merit nor palpably insufficient as a matter of law (see Ingrami, 45 AD3d at 808; Hill, 42 AD3d at 433), defendant should have been granted leave to amend its answer (see Ingrami, 45 AD3d at 808 [a defendant who has failed to assert a defense set forth in CPLR 3211 (a) (5) both in a motion to dismiss and an answer (see CPLR 3211 [e]) may nonetheless be granted leave to amend the answer to assert such defense under appropriate circumstances]).
“The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had á full and fair opportunity to contest the prior issue (see Kaufman v Lilly & Co. [65 NY2d 449,] 455)” (Luscher v Arrua, 21 AD3d 1005, 1007 [2005]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]).
“The burden is on the party attempting to defeat the application of collateral estoppel to establish the absence of a full and fair opportunity to litigate” (D'Arata, 76 NY2d at 664; see also Kaufman, 65 NY2d at 456).
Collateral estoppel effect can, under appropriate circumstances, be given to arbitration awards (see Matter of American Ins. Co. [Messinger — Aetna Cas. & Sur. Co.], 43 NY2d 184 [1977]). Where a plaintiff has freely elected to proceed to arbitration with the assistance of counsel despite the avail *45 ability of an alternate judicial forum and has had the opportunity to employ procedures substantially similar to those utilized in a court of law, it may be found that the plaintiff has had a full and fair opportunity to litigate the issue determined in the arbitration proceeding (Clemens v Apple, 65 NY2d 746 [1985]).
In the instant matter, defendant established that the issue of whether plaintiff was ineligible to receive reimbursement of no-fault benefits because it was a fraudulently incorporated professional service corporation (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d at 322) was identical to the issue previously decided by the arbitrator. In opposition to defendant’s cross motion, plaintiff failed to address the branch of the cross motion which sought summary judgment dismissing the complaint on the ground of collateral estoppel. Therefore, plaintiff failed to establish that it did not receive a full and fair opportunity to litigate in the arbitration proceeding. Thus, the branch of defendant’s cross motion seeking summary judgment should have been granted (see Uptodate Med. Serv., P.C. v State Farm Mut. Auto. Ins. Co., 22 Misc 3d 128[A], 2009 NY Slip Op 50046[U] [App Term, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the order, insofar as appealed from, is reversed, defendant’s cross motion for leave to amend its answer, and, upon such amendment, for summary judgment dismissing the complaint is granted, and the complaint is dismissed.
Pesce, EJ., Weston Patterson and Golia, JJ., concur.