Underground Utils., Inc. v Comptroller of the City of N.Y. (2019 NY Slip Op 01712)





Underground Utils., Inc. v Comptroller of the City of N.Y.


2019 NY Slip Op 01712


Decided on March 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2019

Gische, J.P., Webber, Kern, Singh, JJ.


157356/14 8660A 8660

[*1] Underground Utilities, Inc., Plaintiff-Appellant,
v
Comptroller of the City of New York, et al., Defendants-Respondents.


Kostelanetz & Fink, LLP, New York (Claude M. Millman of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Antonella Karlin of counsel), for respondents.



Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered April 25, 2017, dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered March 16, 2017, which granted defendants' motion for summary judgment, and denied plaintiff's cross motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff seeks to recover certain funds retained by defendant Comptroller, pursuant to General Municipal Law § 106 (the retainage), in connection with contracts between plaintiff and the New York City Department of Transportation (DOT). DOT informed plaintiff many times between 1997 and 2003 of its position that the retainage would not be released to plaintiff because DOT had made substantial overpayments to plaintiff on the contracts. In addition, in 2007, plaintiff requested that the Comptroller release the funds and, in November 2007, the Comptroller denied the request because it had no independent authority to release the retainage without approval from DOT. Plaintiff did not commence this action until 2014, more than six years after the Comptroller's 2007 response. Thus, its tort claims are barred by the applicable three- or six-year statutes of limitations (CPLR 214[3]; CPLR 213[1]; see Tydings v Greenfield, Stein & Senior, LLP, 11 NY3d 195, 201 [2008] [six years for accounting and constructive trust]; Solomon R. Guggenheim Found. v Lubell, 77 NY2d 311, 317-318 [1991] [three years for replevin]; Ingrami v Rovner, 45 AD3d 806, 808 [2d Dept 2007] [three years for unjust enrichment]; Kaufman v Cohen, 307 AD2d 113, 118 [1st Dept 2003] [three or six years for breach of fiduciary duty]; D'Amico v First Union Natl. Bank, 285 AD2d 166, 172 [1st Dept 2001] [three years for conversion]). The declaratory judgment claim is barred by the six-year statute of limitations (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 40-41 [1995]).
The complaint was correctly dismissed for the additional reason, among others, that the Comptroller's refusal to release the retainage was proper in light of the contractual terms that governed the relationship between plaintiff and DOT. Further, the Comptroller's Office's directives stated that the Comptroller may not release the retainage bond, or take any other action [*2]with respect thereto, until directed to do so by the contracting agency.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2019
CLERK