Allay Med. Servs., P.C. v Nationwide Ins. (2021 NY Slip Op 50086(U))

[*1]

Allay Med. Servs., P.C. v Nationwide Ins.

2021 NY Slip Op 50086(U) [70 Misc 3d 138(A)]

Decided on February 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1180 K C

Allay Medical Services, P.C., as Assignee
of Diop, Gregoria, Respondent,
against
Nationwide Ins., Appellant. 

Hollander Legal Group , P.C. (Allan S. Holllander of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), dated May 31, 2019. The order, insofar as appealed from as limited by the brief,
denied defendant's motion for, in effect, summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for, in effect, summary judgment dismissing the complaint is granted.
Plaintiff Allay Medical Services, P.C. (Allay) commenced this action on June 1, 2016 to
recover assigned first-party no-fault benefits for injuries sustained by "Diop, Gregoria" in an
accident on July 3, 2015, the complaint stating that claim number 859968 had been assigned to
the matter. Defendant Nationwide Ins. (Nationwide) served an answer and, thereafter, moved to
dismiss the complaint pursuant to CPLR 3211 (a) (5), contending that plaintiff's action was
barred, insofar as is relevant, under the doctrine of res judicata, by an order and judgment in a
Supreme Court declaratory judgment action. The Supreme Court order and judgment, entered
April 25, 2016 upon the default of Allay in opposing a motion by Nationwide, declared that
Nationwide was "under no obligation to pay any of the claims identified in Exhibit 1 to the
Complaint." Among other things, Exhibit 1 identified claim number 859968 and an accident on
July 3, 2015, and listed the eligible injured person as having the initials G.D. Plaintiff opposed
defendant's motion in the Civil Court. As limited by the brief, defendant appeals from so much of
an order of the Civil Court entered May 31, 2019 as denied the motion.
Initially, we note that, although defendant's motion was denominated as one to dismiss the
complaint pursuant to CPLR 3211 (a) (5), the motion was made after issue was joined (see
generally CPLR 3211 [e]). "Whether or not issue has been joined, the court, after adequate
notice to the parties, may treat the motion as a motion for summary judgment" (CPLR 3211 [c]).
While the Civil Court never notified the parties that it was treating the motion as one for [*2]summary judgment, an exception to the notice requirement is
applicable, as defendant's motion exclusively involved "a purely legal question rather than any
issues of fact" (Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; see Four Seasons
Hotels v Vinnik, 127 AD2d 310, 320 [1987]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip
Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Consequently, it was
proper for the Civil Court to treat defendant's motion to dismiss as one for summary judgment
"without first giving notice of its intention to do so" (Four Seasons Hotels, 127 AD2d at
320).
"Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes
relitigation of that claim and all claims arising out of the same transaction or series of
transactions by a party or those in privity with a party" (Ciraldo v JP Morgan Chase Bank, N.A., 140 AD3d 912, 913
[2016]; see Matter of Hunter, 4
NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304,
306-307 [1929]).
As defendant's moving papers sufficiently established that the claim number and the date of
the subject accident in the action at bar are identical to those in the prior action where there has
been a final adjudication of the claim on the merits (see Ciraldo, 140 AD3d at 913),
plaintiff's present action in the Civil Court was precluded under the doctrine of res judicata.
Consequently, in light of the Supreme Court's order and judgment, the Civil Court should have
granted defendant's motion (see EBM
Med. Health Care, P.C. v Republic W. Ins., 38 Misc 3d 1 [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2012]), as any judgment in favor of plaintiff in this action would destroy
or impair rights or interests established by the judgment and order in the declaratory judgment
action (see Schuylkill Fuel Corp., 250 NY at 306-307; Flushing Traditional
Acupuncture, P.C. v Kemper Ins. Co., 42 Misc 3d 133[A], 2014 NY Slip Op 50052[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; EBM Med. Health Care, P.C., 38
Misc 3d at 2).
Accordingly, the order, insofar as appealed from, is reversed, and defendant's motion for, in
effect, summary judgment dismissing the complaint is granted.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 5, 2021