Vixan Cab Corp. v Chelsea Rental Corp. (2021 NY Slip Op 50594(U))

[*1]

Vixan Cab Corp. v Chelsea Rental Corp.

2021 NY Slip Op 50594(U) [72 Misc 3d 128(A)]

Decided on June 25, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-638 Q C

Vixan Cab Corp., Appellant,
against
Chelsea Rental Corp., Respondent, Samuel McMillan, Defendant.

Eppinger, Reingold & Korder (Kevin P. Caldwell of counsel), for appellant.
The Law Office of Diana Rubin, for respondent (no brief filed).
Samuel McMillan, defendant pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Lourdes
M. Ventura, J.), entered September 12, 2019. The order granted a motion by defendant Chelsea
Rental Corp. to dismiss the complaint insofar as asserted against it.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for damage to its vehicle sustained in an
automobile accident with a vehicle owned by defendant Chelsea Rental Corp. (defendant) and
driven by Samuel McMillan. Defendant interposed an answer in September 2015 which did not
set forth an affirmative defense based upon 49 USC § 30106, also known as the Graves
Amendment. Following defendant's substitution of its counsel, defendant moved to dismiss the
complaint insofar as asserted against it on the ground that it had leased the vehicle involved in
the accident and, thus, the Graves Amendment precluded plaintiff from maintaining the instant
action against it. By order entered September 12, 2019, the Civil Court granted defendant's
motion.
"Under the Graves Amendment, the owner of a leased vehicle will not be held vicariously
liable for the negligent operation of that vehicle where the owner proves that it is engaged in the
business of renting or leasing motor vehicles and it was not otherwise negligent" (Casine v Wesner, 165 AD3d 749,
749 [2018]; see 49 USC § 30106; Graham v Dunkley, 50 AD3d 55, 58 [2008]). While defendant
failed to raise the Graves Amendment as an affirmative defense in its answer, after retaining new
counsel, defendant promptly moved to dismiss the complaint. An unpleaded defense may serve
as the basis for the dismissal of a complaint in the absence of [*2]surprise or prejudice to the opposing party (see Sullivan v American Airlines, Inc.,
80 AD3d 600, 602 [2011]).
Here, plaintiff failed to establish surprise or prejudice in this purely legal inquiry (see Allay Med. Servs., P.C. v Nationwide
Ins., 70 Misc 3d 138[A], 2021 NY Slip Op 50086[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2021]), since defendant's corporate name, Chelsea Rental Corp., should
have alerted plaintiff to the possibility that defendant was the lessor of the vehicle involved in the
accident and, thus, protected by the Graves Amendment. Similarly, plaintiff's papers failed to
allege any specific prejudice (see Barrett v Kasco Constr. Co., 84 AD2d 555, 556 [1981],
affd 56 NY2d 830 [1982]; J.K.M. Med. Care, P.C. v Liberty Mut. Fire Ins. Co., 52 Misc 3d
137[A], 2016 NY Slip Op 51071[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]) or surprise (see Rogoff v San Juan Racing Assn., 54 NY2d 883, 885 [1981];
J.K.M. Med. Care, P.C., 52 Misc 3d 137[A], 2016 NY Slip Op 51071[U]; Renelique v State-Wide Ins. Co., 50
Misc 3d 137[A], 2016 NY Slip Op 50096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2016]).
Accordingly, the order is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 25, 2021