Grand Lodge of the Ind. Order of Odd Fellows of the State of N.Y. v Rutigliano (2021 NY Slip Op 06607)





Grand Lodge of the Ind. Order of Odd Fellows of the State of N.Y. v Rutigliano


2021 NY Slip Op 06607


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2020-02183
 (Index No. 4568/17)

[*1]Grand Lodge of the Independent Order of Odd Fellows of the State of New York, appellant,
v
Janet M. Rutigliano, etc., et al., respondents. Havens Law Firm, Warwick, NY (Jeremy L. Havens of counsel), for appellant.


Jacobowitz & Gubits, LLP, Walden, NY (Kara J. Cavallo of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conversion and breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated November 14, 2019. The order, insofar as appealed from, (1) granted those branches of the defendants' motion which were, in effect, for summary judgment dismissing the first, second, third, fourth, fifth, sixth, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth causes of action asserted in a second amended complaint, denominated as a "supplemental complaint," (2) granted that branch of the plaintiff's cross motion which was to vacate and/or modify two orders of the same court, both dated July 10, 2019, only to the extent of deleting the fifth decretal paragraph in the second order dated July 10, 2019, providing that no documents for "William H. Raymond Lodge #59" be produced, and (3) denied those branches of the plaintiff's cross motion which were for leave to serve a third amended complaint and to impose sanctions against the defendants' counsel.
ORDERED that the order dated November 14, 2019, is affirmed insofar as appealed from, with costs.
In June 2017, the plaintiff commenced the instant action to recover damages against various defendants, whom the plaintiff alleged converted certain funds and assets from the plaintiff and failed to turn over books and records of the plaintiff.
On or about April 10, 2019, the plaintiff was granted leave to serve a second amended complaint, denominated as a "supplemental complaint" (hereinafter the supplemental complaint). After issue was joined, the defendants moved, in effect, for summary judgment dismissing the supplemental complaint. The plaintiff cross-moved for leave to serve a third amended complaint, to vacate and/or modify two orders of the same court, both dated July 10, 2019, and to impose sanctions against the defendants' counsel.
In the order appealed from, the Supreme Court granted those branches of the defendants' motion which were, in effect, for summary judgment dismissing the first, second, third, fourth, fifth, sixth, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth causes of action asserted in the supplemental complaint. The court further granted that branch of the plaintiff's cross motion which was to vacate and/or modify prior orders of the same court dated July 10, 2019, only to a limited extent, and denied those branches of [*2]the cross motion which were for leave to serve a third amended complaint and to impose sanctions against the defendants' counsel.
Although the parties and the Supreme Court discuss varying standards pursuant to CPLR 3211(a), (c), and summary judgment in analyzing the defendants' post-answer motion, the defendants clearly moved, inter alia, for summary judgment dismissing the supplemental complaint, and the plaintiff was on notice that the motion sought this relief. To the extent that certain branches of the defendants' motion were premised on a failure to state a cause of action, this simply required the court to consider evidentiary material in addition to the pleadings in order to determine whether the plaintiff actually has a cause of action (see Wedgewood Care Ctr., Inc. v Kravitz, 198 AD3d 124; Seidler v Knopf, 186 AD3d 889, 890). Applying this standard here, the court properly granted those branches of the defendants' motion which were, in effect, for summary judgment dismissing the first, second, third, fourth, fifth, sixth, eighth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth causes of action asserted in the supplemental complaint (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Moreover, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was for leave to serve a third amended complaint (see CPLR 3025[b]). The determination to permit or deny the amendment of a pleading is committed to the sound discretion of the trial court (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411), and its determination will not lightly be set aside (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 129 AD3d 684, 685; Ingrami v Rovner, 45 AD3d 806, 808).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court