Laga v Unitrin Auto & Home Ins. Co. (2022 NY Slip Op 50906(U))

[*1]

Laga v Unitrin Auto & Home Ins. Co.

2022 NY Slip Op 50906(U) [76 Misc 3d 131(A)]

Decided on August 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-274 K C

Adelaida M. Laga, P.T., as Assignee of
Corriolant, Belle Au Monde, Respondent,
against
Unitrin Auto and Home Insurance Company, Appellant.

Gullo & Associates, LLP (Kristina O'Shea of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered January 27, 2020. The judgment, entered upon a decision of that court
dated November 8, 2019, after a nonjury trial, awarded plaintiff the principal sum of $3,158.02.
The appeal from the judgment brings up for review so much of an order of that court (Louis L.
Nock, J.) dated August 16, 2017 as denied defendant's motion to dismiss the complaint and made
implicit CPLR 3212 (g) findings in plaintiff's favor.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated
November 8, 2019 is deemed a premature notice of appeal from the judgment entered January
27, 2020 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, so much of the order dated August
16, 2017 as denied defendant's motion to dismiss the complaint and made implicit CPLR 3212
(g) findings in plaintiff's favor is vacated, defendant's motion to dismiss the complaint is granted,
and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant
dismissing the complaint.
Adelaida M. Laga, P.T. (Laga) commenced this action against Unitrin Auto and Home
Insurance Company to recover first-party no-fault benefits for medical services provided to its
assignor, Belle Au Monde Corriolant, as a result of injuries Corriolant allegedly sustained in an
automobile accident on August 7, 2011. In its answer, dated August 21, 2015, defendant [*2]identified itself as Kemper Independence Insurance Company
(Kemper). Before Laga commenced this action, a declaratory judgment action had been
commenced in Supreme Court, Bronx County, by Kemper against Laga, six other providers, and
the assignor herein, Corriolant, alleging that Corriolant had breached the terms of the insurance
policy in question by failing to appear for duly scheduled independent medical examinations. On
August 4, 2016, an order was entered in the Supreme Court declaratory judgment action
declaring that Laga and five other providers were "not entitled to no-fault insurance
coverage for the motor vehicle accident which occurred on August 7, 2011."
In September 2016, defendant moved in the Civil Court to dismiss the complaint pursuant to
CPLR 3211 (a) (5) and (7), contending that the instant action is barred by virtue of the order in
the declaratory judgment action. Plaintiff opposed defendant's motion, raising no procedural
issues, and cross-moved for summary judgment. By order dated August 16, 2017, the Civil Court
(Louis L. Nock, J.) denied defendant's motion, implicitly denied plaintiff's cross motion, found
that plaintiff had established "its prima facie case," and held that "the sole issue that remains for
trial is the privity between Kemper and [defendant]." On the trial date, the Civil Court (Odessa
Kennedy, J.), upon denying defense counsel's request for an adjournment to allow defendant to
secure a witness to testify on the issue of privity between Kemper and defendant, ordered that
judgment be entered in plaintiff's favor. A judgment in favor of plaintiff in the principal sum of
$3,158.02 was entered on January 27, 2020.
Collateral estoppel, or issue preclusion, precludes a party from relitigating an issue where
"the issue in the second action is identical to an issue which was raised, necessarily decided and
material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in
the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999];
see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659 [1990]; Manko v Gabay, 175 AD3d 484
[2019]). The party seeking to rely on collateral estoppel has the burden of establishing that the
issue actually litigated and determined in the prior action is identical to the issue on which
preclusion is sought (see Forcino v Miele, 122 AD2d 191, 193 [1986]; Triboro Quality Med. Supply, Inc. v State
Farm Mut. Auto. Ins. Co., 36 Misc 3d 131[A], 2012 NY Slip Op 51289[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2012]). The party attempting to defeat the application of
collateral estoppel has the burden of establishing the absence of a full and fair opportunity to
litigate (see D'Arata, 76 NY2d at 664; Uptodate Med. Servs., P.C. v State Farm Mut. Auto. Ins. Co., 23 Misc
3d 42, 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Here, defendant established that the issue of whether plaintiff was entitled to receive no-fault
benefits in connection with the August 7, 2011 accident involving Corriolant was identical to the
issue previously decided in the declaratory judgment action and plaintiff failed to establish that it
had not received a full and fair opportunity to litigate in the declaratory judgment action. Indeed,
plaintiff appeared in that action and the order in that action even indicates that plaintiff submitted
opposition to the motion giving rise to the order (see Reid v Reid, 198 AD3d 993, 994 [2021]; Miller v Falco, 170 AD3d 707,
709 [2019]; David v State, 157 AD3d 764, 765-766 [2018]; Matter of Abady, 22 AD3d 71, 85
[2005]). Thus, defendant was entitled to dismissal of the complaint on the ground of collateral
estoppel.
We note that, while defendant failed to raise the affirmative defense of collateral estoppel in
its August 21, 2015 answer, defendant had no basis to assert that defense before August 4, [*3]2016, when the order in the declaratory judgment action was
entered (see Metro Health Prods., Inc. v
Nationwide Ins., 52 Misc 3d 138[A], 2016 NY Slip Op 51122[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2016]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip
Op 50095[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Furthermore, an
unpleaded defense may serve as the basis for the dismissal of a complaint in the absence of
surprise or prejudice to the opposing party (see Sullivan v American Airlines, Inc., 80 AD3d 600, 602 [2011];
Vixan Cab Corp. v Chelsea Rental
Corp., 72 Misc 3d 128[A], 2021 NY Slip Op 50594[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2021]).
Accordingly, the judgment is reversed, so much of the order dated August 16, 2017 as denied
defendant's motion to dismiss the complaint and made implicit CPLR 3212 (g) findings in
plaintiff's favor is vacated, defendant's motion to dismiss the complaint is granted, and the matter
is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the
complaint.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 19, 2022