Small v Clarke (2024 NY Slip Op 50201(U))

[*1]

Small v Clarke

2024 NY Slip Op 50201(U)

Decided on February 9, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2023-563 K C

Anthony Small, Appellant,
against
June Clarke, Respondent. 

Anthony Small, appellant pro se.
Mirkin & Gordon, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (D. Bernadette Neckles, J.), dated March 20, 2023. The order granted defendant's motion for, in effect, summary judgment dismissing the complaint as barred by the doctrine of res judicata.

ORDERED that the order is affirmed, without costs.
Plaintiff, Anthony Small, commenced this action in 2022 to recover, according to the endorsed complaint, the principal sum of $50,000 for breach of contract, plus interest from December 12, 2019. On his application for a summons, plaintiff listed December 12, 2019 as the date of the breach of contract. Defendant, June Clarke, timely filed an answer generally denying the allegations of plaintiff's complaint, and specifically asserting that she did not owe plaintiff the claimed sum. 
Prior to the commencement of this action, June Clarke, defendant herein, had commenced a small claims action against Anthony Small, plaintiff herein, to recover for "defective services rendered." After a nonjury trial, judgment was entered in that small claims action on December 12, 2019, awarding June Clarke the principal sum of $2,520 against Anthony Small. Thereafter, Mr. Small appealed that judgment; Ms. Clarke moved to dismiss the appeal on the ground that it had not been perfected, and this court dismissed the appeal on January 19, 2022 (Clarke v Small, 2022 NY Slip Op 60757[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Mr. Small subsequently moved to vacate the order dismissing the appeal, which motion was denied, as he provided neither a reasonable excuse for his failure to perfect the appeal nor a meritorious [*2]defense (Clarke v Small, 2022 NY Slip Op 67396[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). Upon renewal of his motion to vacate the dismissal of his appeal, Mr. Small failed to provide a reasonable excuse, but submitted an affidavit contending that the judgment was incorrect based on a contract executed by both parties requiring Mr. Small to provide Ms. Clarke with approved New York City Department of Building plans "for a conversion of a garage to a storage room." He asserted that the agreement did not make any representations about a certificate of occupancy, that he fulfilled his obligation to provide Ms. Clarke with the approved plans, and that the judge in the small claims action inappropriately reduced the agreed-upon fee of $7,000 to $4,480 by awarding Ms. Clarke the sum of $2,520. Mr. Small's renewed motion to vacate the dismissal was denied by this court (Clarke v Small,2022 NY Slip Op 75880[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]) as was his subsequent motion for the same relief (Clarke v Small, 2023 NY Slip Op 64601[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]). 
After filing her answer in this action, defendant moved pursuant to CPLR 3211 (a) (5) to dismiss plaintiff's complaint as barred by the doctrine of res judicata based on the small claims judgment. Defendant maintained that the small claims judgment awarding her damages for plaintiff's breach of contract "precludes [p]laintiff's [cause of action] premised upon [d]efendant's breach of [the same] contract." Defendant submitted a document signed by both parties, labeled as an "Agreement Between June Clarke and Anthony Small." The agreement stated that it was a receipt for a $3,500 deposit "on an approve[d] NYC, Department of Building[s] Plan," that the total fee was $7,000, and that the balance of $3,500 was to be paid upon receipt of the approved plan. In opposition to the motion, plaintiff did not respond to defendant's argument that his action was barred by res judicata; he merely argued that defendant was able to use the plans he provided to obtain a new certificate of occupancy, and suggested that the judge in the small claims action improperly adjusted his fee below his contracted fee of $7,000. He annexed the same agreement to his opposition papers that defendant submitted in support of the motion to dismiss. By order dated March 20, 2023, the Civil Court granted defendant's motion to dismiss plaintiff's complaint on the basis of res judicata.
On appeal, plaintiff argues that the small claims judgment requiring him to return part of his fee was unfair, as he performed his obligations in accordance with the contract, and that the judgment resulted in a breach of contract. 
Initially, we note that, although defendant's motion was denominated as one to dismiss the complaint pursuant to CPLR 3211 (a) (5), it was made after issue was joined (see generally CPLR 3211 [e]). "Whether or not issue had been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment" (CPLR 3211 [c]). While the Civil Court never notified the parties that it was treating the motion as one for summary judgment, an exception to the notice requirement is applicable, as defendant's motion exclusively involved "a purely legal question rather than any issues of fact" (Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]; see Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1987]; Allay Med. Servs., P.C. v Nationwide Ins., 70 Misc 3d 138[A], 2021 NY Slip Op 50086[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Active Chiropractic, P.C. v Allstate Ins., 58 Misc 3d 156[A], 2018 NY Slip Op 50201[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Renelique v State-Wide Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50095[U] [*3][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Consequently, it was proper for the Civil Court to, in effect, treat defendant's motion to dismiss as one for summary judgment "without first giving notice of its intention to do so" (Four Seasons Hotels, 127 AD2d at 320).
Further, while the affirmative defense of res judicata is waived if not raised in the answer or in a pre-answer motion to dismiss (see CPLR 3211 [e]), courts have excused a defendant's failure to timely raise this affirmative defense, where the defendant filed a motion to dismiss an action or for summary judgment on res judicata grounds, and the plaintiff did not allege any prejudice or surprise in opposition to the motion (see CPLR 3018 [b]; Clark v Deutsche Bank Natl. Trust Co., 182 AD3d 574, 575 [2020]; Barrett v Kasco Constr. Co., 84 AD2d 555, 556 [1981], affd 56 NY2d 830 [1982]; Charles Deng Acupuncture, P.C. v Allstate Ins. Co., 64 Misc 3d 147[A], 2019 NY Slip Op 51358[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Active Chiropractic, P.C. v Allstate Ins., 2018 NY Slip Op 50201[U], *2; J.K.M. Med. Care, P.C. v Liberty Mut. Fire Ins. Co., 52 Misc 3d 137[A], 2016 NY Slip Op 51071[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Renelique v State-Wide Ins. Co., 2016 NY Slip Op 50096[U], *2). As plaintiff, in opposition to defendant's post-answer motion to dismiss, failed to even respond to defendant's argument that the complaint was barred by the doctrine of res judicata, we deem defendant's answer amended to include the affirmative defense of res judicata (see Charles Deng Acupuncture, P.C. v Allstate Ins. Co., 2019 NY Slip Op 51358[U], *1; Active Chiropractic, P.C. v Allstate Ins., 2018 NY Slip Op 50201[U], *2; J.K.M. Med. Care, P.C. v Liberty Mut. Fire Ins. Co., 2016 NY Slip Op 51071[U], *1).
"The doctrine of res judicata provides that once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Weinberg v Picker, 172 AD3d 784, 787 [2019] [internal quotation marks omitted]; Myers v Meyers, 121 AD3d 762, 765 [2014]). Although a small claims judgment has no collateral estoppel (issue preclusion) effect pursuant to CCA 1808, it is well settled that "[t]his provision was not intended to divest the small claims judgment of its claim preclusion effect (i.e., res judicata)" (Yehoshua v Lefkowicz & Gottfried, 59 Misc 3d 131[A], 2018 NY Slip Op 50446[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see Simmons v Trans Express Inc., 37 NY3d 107, 113 [2021]; Weinberg v Picker, 172 AD3d at 787). While collateral estoppel only "bars the relitigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" (internal quotation marks omitted), res judicata "bars the parties or their privies from relitigating issues that were or could have been raised in that action" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018]). In other words, the doctrine of res judicata "precludes the relitigation of all claims falling within the scope of the judgment, regardless of whether or not those claims were in fact litigated" (id.; see Myers v Meyers, 121 AD3d at 765).
Upon a review of the record and plaintiff's brief, it is clear that plaintiff's breach of contract cause of action arises out of the same transaction as the small claims action. Significantly, plaintiff listed the date the small claims judgment was entered as the date of the breach of contract on his application for a summons, and sought to collect interest from the date of that judgment. Consequently, the Civil Court properly dismissed the complaint as barred by the doctrine of res judicata.
Accordingly, the order is affirmed.
BUGGS, J.P., MUNDY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 9, 2024