**Del Pozzo Finkel v Dwyer**

2024 NY Slip Op 33271(U)

September 17, 2024

Supreme Court, New York County

Docket Number: Index No. 650335/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | **HON. LYLE E. FRANK** | PART | 11M |
| | *Justice* | | |

-----------------------------------------------------------------------------X

GABRIELLE DEL POZZO FINKEL,

Plaintiff,

- v -

MELISSA DWYER, THERESA DEL POZZO, ANNA KAWA, SCHEYER TRAVEL SERVICES, INC, TZELL TRAVEL AND TOURS, INC, TZELL TRAVEL LLC D/B/A TZELL TRAVEL GROUP

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650335/2024 |
| MOTION DATE | 04/03/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents and for the reasons indicated below, moving defendants' motion to dismiss is granted as to the Complaint in its entirety.

On January 30, 2024, Plaintiff instituted the present suit and filed a complaint with seven causes of action requesting compensatory and punitive damages, specific performance and a permanent injunction. On May 13, 2024, Defendants Global Travel Collection, LLC (successor in interest to Tzell Travel and Tours, Inc., successor in interest to Tzell Travel LLC d/b/a Tzell Travel Group) and Kawa (collectively, the "Moving Defendants") filed the present motion to dismiss, requesting that the Court dismiss the complaint as against the Moving Defendants in its entirety and with prejudice as to the Moving Defendants. Plaintiff filed a cross-motion opposing the motion to dismiss and seeking leave to amend the complaint. Based on the reasons set forth below Moving Defendants' motion to dismiss the complaint is granted.

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**
**Motion No.  001**

**Page 1 of 9**

[* 1]

## Background

The instant action arises out of a dispute regarding the disposition of the assets of Fred Del Pozzo ("Fred"), deceased father of Plaintiff Gabrielle Del Pozzo Finkel ("Plaintiff") and Defendant Melissa Dwyer ("Dwyer"). Fred owned and operated Defendant Scheyer Travel Services, Inc ("Scheyer") prior to his death on February 28, 2018. Scheyer was a travel company operating under the name of Defendant Tzell Travel and Tours, Inc. ("Tzell"). Fred in his personal capacity and Tzell entered into an Independent Contractor Agreement ("ICA") in 1991 that allowed Fred's heirs to take over Scheyer Travel upon Fred's death. If they decided not to take over the business, Tzell agreed in the ICA to pay said heirs a percentage of gross sales. Pursuant to the terms of the ICA, Defendant Anna Kawa ("Kawa") provided services to Scheyer Travel (among other travel agencies) until her termination in March of 2019.

Subsequent to the probate of Fred's Estate with Dwyer and Defendant Theresa Del Pozzo ("Del Pozzo", together with Dwyer "Executors") as executors, a dispute arose regarding the disposition of assets. As a result, in 2020 Executors and Plaintiff entered into a Receipt, Release and Refunding Agreement ("Agreement"). Relevant provisions of that Agreement were that Scheyer Travel would be dissolved (although no date or timeline was given) and that the Executors were released from liability. In December 2023 the Executors dissolved Scheyer. Plaintiff alleges that she has been denied a share of revenue from the operation of Scheyer under both the ICA and the Agreement.

## Standard of Review

A party may move for a judgment from the court dismissing causes of action asserted against them based on, among other reasons, the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). It is well settled that when considering a motion to dismiss pursuant

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**
**Motion No.  001**

**Page 2 of 9**

2 of 9

[* 2]

to CPLR § 3211(a)(7), "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 [2d Dept 2003]. But dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 [2017]. Furthermore, a motion may be dismissed under CPLR § 3211(a)(1) when "documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Beal Sav. Bank v. Sommer*, 8 N.Y.3d 318, 324 [2007], quoting *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 571 [2005].

## Discussion

The Defendants Motion to Dismiss should be granted because Plaintiff's claim fails as a matter of law on several points. The main issues here are the Plaintiff's lack of standing and the statute of limitations.

As to the Plaintiff's First Cause of Action, Plaintiff alleges that the Executors breached fiduciary duties that they as executrixes of the Estate owed to Plaintiff as a beneficiary. Specifically, Plaintiff seeks monetary relief and alleges that the Executors hid information about the Estate from Plaintiff, "showed a greater loyalty to defendant Kawa than to Plaintiff", and in doing so deprived Plaintiff of her right to "any income from Scheyer Travel and from her right to her share of the reserve." [Amended Complaint ¶¶ 38-41]. Although generally an estate beneficiary does not have standing to bring an action for the recovery of estate assets, a beneficiary can have standing when the executor is directly involved in the transfer of property. *See Inman v. Inman*, 97 A.D. 864, 865 [3rd Dept. 1983]. But Plaintiff does not allege that the

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**   **Page 3 of 9**
**Motion No.  001**

3 of 9

Executors transferred assets out of the Estate but rather that they "failed to exercise the Estate's rights under the Independent Contractor Agreement." [Amended Complaint, ¶ 40]. Even assuming *arguendo* that Plaintiff and not the Estate is the intended third-party beneficiary of the ICA, Plaintiff lacks standing to enforce this agreement.

A third-party beneficiary can sue for breach of the contract "in two situations: when the third party is the only one who could recover for the breach of the contract or when it was otherwise clear from the language of the contract that there was an intent to permit enforcement by the third party." *Dormitory Auth. of the State of N.Y. v. Samson Constr. Co.*, 30 N.Y.3d 704, 710 [2018]. Here, the language of the contract is not clear that there was an intent to permit enforcement by Plaintiff, nor is Plaintiff the only one who could recover from the breach as there are other heirs. Therefore, Plaintiff does not have standing as a third-party beneficiary to sue for breach of the Independent Contractor Agreement. Finally, this claim springs from Dwyer and Del Pozzo's duties as executrixes of Fred's Estate and alleged omissions thereof. Plaintiff released Dwyer and Del Pozzo, individually and as executrixes, of any liability for omissions in the role of executor and of all liability for "any matter growing out of or in any way connected with the Estate, or the administration and distribution thereof." Plaintiff has failed to state why this release from liability would not be binding on the instant matter. Plaintiff cannot enforce the ICA and has not alleged that the Estate owed a duty to Plaintiff to enforce all rights under the ICA. Therefore, the First Cause of Action fails to state a claim.

As to the Plaintiff's Second Cause of Action, Plaintiff alleges that the Executors failed to properly file tax returns for Scheyer, failed to pay any taxes owed on Scheyer's income from 2018 – 2023, and that as a result, the Estate is exposed to potential tax liabilities. [Amended Complaint ¶ 43]. But as neither the Estate nor Scheyer has to date incurred any penalties or fees

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**
**Motion No.  001**

**Page 4 of 9**

4 of 9

[* 4]

related to the alleged failure to file taxes, any future damages would be too uncertain and speculative to award. The Court has no measurable basis with which to afford relief regarding the Second Cause of Action.

As to the Plaintiff's Third Cause of Action, Plaintiff alleges that the Agreement requires Dwyer and Del Pozzo to take "certain affirmative steps" that they have failed to take and Plaintiff requests an Order for Specific Performance requiring Dwyer and Del Pozzo to file tax returns on behalf of Scheyer. [Amended Complaint, ¶ 46]. Plaintiff does not specify what steps Dwyer and Del Pozzo are alleged to have failed to take, but Plaintiff does refer to Paragraph 7 of the Agreement in the recitation of facts in the Amended Complaint. [Amended Complaint, ¶¶ 23, 32]. That paragraph states that monies from the reserve fund may be applied towards tax filing and preparation fees, and that copies of unfiled Scheyer income tax returns shall be provided to the Plaintiff at least 10 days before filing. [Agreement, Exhibit B, ¶ 7]. As stated above, Plaintiff's own Amended Complaint alleges that no tax returns have been filed on behalf of Scheyer for the years 2018 – 2023. Assuming all facts Plaintiff alleges are true, the obligation to provide copies to Plaintiff *before filing* would not therefore have been violated. The Agreement imposes no affirmative obligations upon any parties to actually file tax returns, therefore the Plaintiff cannot impose such an obligation on the Executors on the basis of the Agreement. This Cause of Action states no claim upon which relief may be granted.

As to the Plaintiff's Fourth Cause of Action, Plaintiff alleges that Defendant Kawa breached a fiduciary duty of loyalty to Plaintiff by failing to inform Plaintiff that Kawa was working with or for Scheyer, and by failing to hand over profits to Plaintiff. [Amended Complaint, ¶ 53]. There are issues of standing and statute of limitations with this Cause of Action. First, an action to recover money damages is barred by the CPLR's three years statute of

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**          **Page 5 of 9**
**Motion No.  001**

5 of 9

limitations. CPLR § 214(3). It is undisputed that Kawa ceased to have any sort of business relationship with Scheyer since March 15, 2019, over three years before the date of filing. If a claim for breach of fiduciary duty is based in fraud, however, the statute of limitations is six years. CPLR § 213(8). If a cause of action is based upon fraud, the "circumstances constituting the wrong shall be stated in detail." CPLR § 3016(b). Plaintiff did amend the Complaint to insert the word fraud into the Cause of Action, but this fails to reach the level of specificity needed for a valid claim of fraud.

False representation alone is not enough to give rise to a cause of action in fraud, but the plaintiff must also assert that a material omission of fact "was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Connaughton*, quoting *Lama Holding Co. v. Smith Barney Inc*, 88 N.Y.2d 413, 421 [1996]. Plaintiff here has not asserted that Kawa's alleged failure to inform Plaintiff that Kawa was performing services for Scheyer was a material omission of fact known by Kawa to be false and made to Plaintiff for the purpose of inducing Plaintiff's reliance upon the omission. Plaintiff has failed to plead fraud with the required specificity and therefore the applicable statute of limitations is three years, not six.

Second, Plaintiff has not alleged a relationship with Kawa sufficient to grant Plaintiff standing on this claim. When "two parties never transacted or otherwise maintained a business relationship", a claim that the defendant improperly obtained profits intended for the plaintiff cannot be supported. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 27 F.Supp.3d 447, 479 [S.D.N.Y. 2014]. Plaintiff's interest in Scheyer is as the beneficiary of an Estate which holds an interest in Scheyer. As established above, any standing in the Estate to pursue a claim for breach of fiduciary duty against Kawa would be held by the executor of the Estate and not a beneficiary.

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**             **Page 6 of 9**
**Motion No.  001**

6 of 9

[* 6]

*See Inman*. Furthermore, even assuming that Kawa was an employee of Scheyer, as an inference favorable to the Plaintiff, any fiduciary duty that Kawa owed would be owed to Scheyer. Plaintiff has not alleged standing to sue on behalf of Scheyer. Plaintiff's claim in the Fourth Cause of Action fails to meet the requirements for an extended statute of limitations and Plaintiff fails to establish standing and that Kawa owed Plaintiff a fiduciary duty. [Amended Complaint, ¶ 60].

As to Plaintiff's Fifth Cause of Action, Plaintiff claims that Defendant Tzell has failed to pay Plaintiff her share of the income from Scheyer and that this was a breach of the Independent Contractor Agreement. [Amended Complaint, ¶ 59]. Plaintiff claims standing to sue for the breach of the ICA as an intended third-party beneficiary. As discussed above, Plaintiff lacks standing to enforce the ICA as Plaintiff is not the only intended third-party beneficiary nor is it clear from the language of the agreement that there was an intent to allow her to enforce it.

As to the Plaintiff's Sixth Cause of Action, Plaintiff claims that defendants Kawa, Tzell and Scheyer were unjustly enriched by their alleged transfer and use of the IATA number from the Estate. [Amended Complaint, ¶ 68]. Plaintiff also makes a claim for money had and received on the same grounds. Both of these claims fail for several reasons. First, both unjust enrichment and money had and received claims are actions for when there is an absence of an agreement. *See Teachers Ins. & Annuity Assn. of Am. V. Criimi Mae Servs. LP*, 681 F.Supp.2d 501, 511 [S.D.N.Y. 2010]; *see also Magi XXI, Inc. v. Stato Della Città Del Vaticano*, 22 F.Supp.3d 195, 207 [E.D.N.Y. 2014]. Additionally, Plaintiff requests compensatory damages instead of equitable damages. [Amended Complaint, ¶ 70]. Because Plaintiff seeks money damages, the CPLR § 214(3) three-year statute of limitations governs and therefore the Sixth Cause of Action is barred. *See Ingrami v. Rovner*, 45 A.D.3d 806, 808 [2nd Dep't 2007].

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**
**Motion No.  001**

**Page 7 of 9**

7 of 9

As to the Plaintiff's Seventh Cause of Action, Plaintiff asks the Court to issue a permanent injunction against all defendants to cease using Scheyer Travel's assets without compensation to Plaintiff. [Amended Complaint, ¶ 73]. As Scheyer Travel was dissolved on December 20, 2023, this claim is moot and states no basis on which to afford relief.

As to the Plaintiff's Eighth Cause of Action, Plaintiff asks the Court to order an accounting from all defendants as to all revenue and other benefits they have received from Scheyer Travel. [Amended Complaint, ¶ 78]. Because for the reasons stated above the Plaintiff has failed to state an enforceable claim in this matter, this request is denied.

Ultimately, the plaintiff's causes of action fail on the grounds of statute of limitations (despite amending the complaint to include the word 'fraud'), mootness, and lack of standing. As such, the Court finds that the plaintiff's pleading has failed to state a cause of action.

Accordingly, it is hereby

ORDERED that the motion of defendants  TZELL TRAVEL AND TOURS, INC., TZELL TRAVEL LLC d/b/a TZELL TRAVEL GROUP, and ANNA KAWA to dismiss the complaint herein is granted and the complaint is dismissed in its entirety as against said defendants, and the Clerk of the Court is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL**
   **Motion No.  001**

**Page 8 of 9**

8 of 9

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240918141324LFRANKBEAB4755A1EF4FA5945515E2F129E99F

| **9/17/2024** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

650335/2024   DEL POZZO FINKEL, GABRIELLE vs. DWYER, MELISSA ET AL          Page 9 of 9
Motion No.  001

9 of 9