OPINION OF THE COURT
Delores J. Thomas, J.
*694 This nonpayment proceeding was commenced after service of a notice of petition and petition. Respondent submitted an answer through an attorney. Thereafter respondent submitted an original notice of motion seeking: (1) leave to amend the answer to include an affirmative defense that the subject apartment is an illegal dwelling, (2) to state more precisely the grounds for respondent’s traverse claim, (3) dismissing the petition with prejudice and barring petitioner from collecting rent for any period for which there is no certificate of occupancy for the subject apartment, (4) dismissing the petition based on petitioner’s failure to make a proper demand for rent, (5) summary judgment on respondent’s claim that petitioner is liable for heat and hot water services, and (6) in the alterative, granting respondent leave to conduct discovery. Petitioner submitted an affirmation in opposition to respondent’s motion and states that petitioner has been in compliance with the law as it relates to the subject building and its contractual obligations pursuant to the subject lease. Respondent submitted a second notice of motion seeking leave to amend his answer to include additional affirmative defenses and counterclaims including (1) unfair and deceptive business practices in violation of the General Business Law, (2) an affirmative defense and counterclaims for fraud or negligent misrepresentation, (3) partial constructive or actual eviction and the apartment is an illegal dwelling, and (4) warranty of habitability claims. Petitioner submitted an affirmation in opposition to the motion to respondent’s second motion arguing that there was currently a motion pending before the court. Respondent submitted a sur-surreply affirmation in which counsel alleged that new information was learned after filing the respondent’s original motion and that was why respondent sought to interpose a second amended answer. Petitioner submitted a reply affirmation to oppose respondent’s amendment of his answer.
DISCUSSION
Petitioner sent a three-day notice which listed the sum owed as $7,385.20 and the breakdown is listed as follows:
“758.00/May 1997 757.00/Apr97 950.00/Mar97
“950.00/Feb97 950.00/Jan97 153.00/Dec96
“2867.20/Nov96 to Feb96”
The purpose of the rent demand is not only to inform the tenant that in the absence of payment of the demanded amount or surrender of the premises, legal proceeding will be instituted, *695 but also to allow the tenant to remedy any default in payment, thus avoiding litigation and possible eviction. (London Terrace Gardens v Stevens, 159 Misc 2d 542 [NY County 1993].)
Respondent is a recipient of Department of AIDS Services (DAS) and they send money to the landlord each month. Petitioner is disputing that he has received payment of DAS shelter checks for the current months. In order for respondent to defend this action, the respondent would have to get a printout from the agency to show payments made by the agency. Without a clear breakdown, he does not know which specific monies are being demanded. DAS will not pay twice for a month’s rent and unless there is a clear and accurate month-by-month breakdown of the rental arrears, such payments will not be made by the agency. Since the respondent is relying on the DAS payments to pay his rent, he is prejudiced by an inaccurate breakdown. In addition to DAS payments, respondent is responsible for paying a portion of his rent.
After reviewing the rent demand sent to respondent, the court rules that the predicated rent demand is not in accordance with RPAPL 711 (2). The petitioner indicated a lump-sum amount for the period February 1996 through November 1996. The court finds that this type of pleading fails to apprise the respondent of the correct amount due for each month. The court also finds that the statements in the rent demand are “vague and misleading” and give the respondent no indication as to how the petitioner arrived at his figures.
Petitioner’s rent demand failed to give respondent notice of the actual claims and afforded him no opportunity to prepare his defenses to this action. By failing to give a clear calculation of the rental arrears, the respondent is uninformed as to how he should proceed in order to avoid litigation and once com-, menced, how to proceed with this case. If payments were made or there were issues of latches and stale rent, such claims could be used to defend the action.
The statute requires that the rent demand be clear, unequivocal and provide the tenant with “actual notice of the alleged amount due * * * period for which [the rental] claim is made * * * and [an] approximate good faith sum of rent assertedly due for each such period.” (Schwartz v Weiss-Newell, 87 Misc 2d 558, 561.) Notably, petitioner’s exhibit B gives a month-by-month breakdown of the rent and shows public assistance payments which were credited to the respondent’s account, however such a detailed breakdown was not included in the rent demand. Petitioner’s argument that a lump-sum breakdown is allowable, in this proceeding, under RPAPL 711 (2), is *696 unpersuasive. Petitioner cites John Washington, Ltd. v Gulbreath (171 Misc 2d 337), where the Appellate Term (2d Dept) found that the demand was valid despite lump-sum statement for “miscellaneous” charges. That case is distinguished from the present one because the lump-sum statement in this case is rent and not “miscellaneous” charges. In addition, 90 E. 4th St. Apt. Corp. v Newberger (22 HCR 511A [Civ Ct, NY County]) is not applicable because the detailed breakdown, in the instant proceeding, shows that the respondent owes an unequal amount of monies for several of the 10 months from February 1996 through November 1996 and there is some ambiguity as to what amount of rent has been paid and by whom. Also, petitioner should clarify to the respondent that this is his “excess” portion of the rent for each of the months due and owing.
Proof of a demand for rent is a jurisdictional requisite to maintain a summary proceeding (Solack Estates v Goodman, 102 Misc 2d 504 [App Term, 1st Dept 1979], affd 78 AD2d 512 [1st Dept 1980]), and failing to comply calls for dismissal of the action. Defects in the predicate notice are not subject to cure by amendment and require dismissal of the proceeding. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786 [1980].) Respondent’s motion is granted and the proceeding is dismissed without prejudice.
After reviewing all motion papers by both sides, the court dismisses the petition without prejudice because of an improper demand. As the proceeding is dismissed, the court does not address the other issues raised by the parties.