Park v Home Depot U.S.A., Inc. (2020 NY Slip Op 02665)





Park v Home Depot U.S.A., Inc.


2020 NY Slip Op 02665


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-12786
 (Index No. 709885/14)

[*1]Victor Chang Hwan Park, plaintiff-respondent,
v
Home Depot U.S.A., Inc., et al., defendants-respondents, Nu-Tek Roof Systems, Inc., appellant.


Gerber Ciano Kelly Brady LLP, Garden City, NY (Robert W. Berbenich of counsel), for appellant.
William Schwitzer & Associates, P.C., New York, NY (Allen Zachary of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Nu-Tek Roof Systems, Inc., appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered October 17, 2018. The order granted the plaintiff's motion for leave to amend the complaint to correct the date of the accident.
ORDERED that the order is affirmed, with one bill of costs payable to the plaintiff-respondent.
The plaintiff allegedly was injured when he slipped down a ladder while working at a Home Depot store. He subsequently commenced two actions alleging that the accident occurred on October 1, 2014, and was the result of the defendants' negligence and violations of the Labor Law. The actions were later consolidated. The complaint naming Nu-Tek Roof Systems, Inc. (hereinafter Nu-Tek), as a defendant was dated March 24, 2015. The plaintiff subsequently moved for leave to amend the complaint to correct the date of the accident, and the court granted the motion. Nu-Tek appeals.
A motion for leave to amend a pleading may be made "at any time," and "[l]eave shall be freely given upon such terms as may be just" (CPLR 3025[b]). The determination to permit or deny the amendment is committed to the sound and broad discretion of the trial court (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959), and its determination will not lightly be set aside (see Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 129 AD3d 684, 685; Ingrami v Rovner, 45 AD3d 806, 808).
Delay alone is insufficient to bar an amendment to the pleading; "[i]t must be lateness coupled with significant prejudice to the other side" (Edenwald Contr. Co. v City of New York, 60 NY2d at 959 [internal quotation marks omitted]; see Coleman v Worster, 140 AD3d 1002). "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Mannino v Wells Fargo Home Mtge., Inc., 155 AD3d 860, 862; see CPLR 3025[b]; CDx Labs., Inc. [*2]v Zila, Inc., 162 AD3d 972, 973). "Prejudice is more than the mere exposure of the [party] to greater liability'" (Kimso Apts., LLC v Gandhi, 24 NY3d at 411, quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). "Rather, there must be some indication that the [party] has been hindered in the preparation of [the party's] case or has been prevented from taking some measure in support of [its] position'" (Kimso Apts., LLC v Gandhi, 24 NY3d at 411, quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d at 23). The burden of establishing prejudice is on the party opposing the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d at 411).
Here, contrary to Nu-Tek's contention, the Supreme Court providently exercised its discretion in allowing the plaintiff to amend its complaint to correct the date of the accident. The defendants failed to show that they were prejudiced or surprised by the proposed amendments (see id. at 412; 39 Coll. Point Corp. v Transpac Capital Corp., 27 AD3d 454, 455), and did not establish that the proposed amendment were patently devoid of merit or palpably insufficient (see Strunk v Paterson, 145 AD3d 700, 701; Longo v Long Is. R.R., 116 AD3d 676, 677).
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court