TD Bank, N.A. v Keenan (2023 NY Slip Op 06158)

TD Bank, N.A. v Keenan

2023 NY Slip Op 06158

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-00176
 (Index No. 7146/16)

[*1]TD Bank, N.A., plaintiff, 
v
Kevin Keenan, respondent, et al., defendants; Stewart Title Insurance Company, nonparty-appellant.

Sherwood & Truitt Law Group, LLC, Garden City, NY (James P. Truitt III and Amy E. Abbandondelo of counsel), for nonparty-appellant.
Lester Korinman Kamran & Masini, P.C., Garden City, NY (Gabriel R. Korinman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, Stewart Title Insurance Company appeals from an amended order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated October 4, 2021. The amended order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to amend the complaint to add causes of action alleging fraud and unjust enrichment and to add Courtney Keenan as a defendant.
ORDERED that the amended order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for leave to amend the complaint to add a cause of action alleging fraud and to add Courtney Keenan as a defendant, and substituting therefor provisions granting those branches of the plaintiff's motion; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements.
In September 2016, the plaintiff commenced this action. Subsequently, the plaintiff moved, inter alia, for leave to substitute Stewart Title Insurance Company (hereinafter Stewart Title) as the plaintiff in its place, and for leave to amend the complaint to add causes of action alleging fraud and unjust enrichment and to add Courtney Keenan as a defendant. In an amended order, the Supreme Court, among other things, denied those branches of the plaintiff's motion which were for leave to amend the complaint to add causes of action alleging fraud and unjust enrichment and to add Courtney Keenan as a defendant. Stewart Title appeals.
Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit (see Hong Qin Jiang v Li Wan Wu, 179 AD3d 1041, 1042). A court must not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt (see id.).
"The elements of a cause of action to recover damages for fraud are a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury. [T]he plaintiff must show not only that he or she actually relied on the misrepresentation, but also that such reliance was reasonable" (id. [citations and internal quotation marks omitted]).
"Regarding reasonable reliance on a misrepresentation of a material fact, the plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied on a defendant's representations [or silence] where he [or she] has means available to him [or her] of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation" (Feldman v Byrne, 210 AD3d 646, 649 [internal quotation marks omitted]). The "question of what constitutes reasonable reliance is always nettlesome because it is so fact-intensive" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 155 [internal quotation marks omitted]). "The resolution of the issue of whether a plaintiff reasonably relied on a defendant's misrepresentation in support of a cause of action alleging fraud in the inducement is ordinarily relegated to the finder of fact" (Feldman v Byrne, 210 AD3d at 649).
Here, in light of the multiple written and sworn misrepresentations allegedly made by the defendant Kevin Keenan and his wife, Courtney Keenan, and relied upon by the plaintiff, it cannot be said that a cause of action alleging fraud against the Keenans, including the element of the plaintiff's reasonable reliance, is patently insufficient or palpably devoid of merit. Moreover, the parties against whom the fraud causes of action are to be asserted will not suffer undue prejudice or surprise resulting directly from the plaintiff's delay in seeking to amend the complaint. Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for leave to amend the complaint to add a cause of action alleging fraud and to add Courtney Keenan as a defendant (see Stein v Doukas, 128 AD3d 803, 805).
However, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging unjust enrichment, since that cause of action is patently insufficient and palpably devoid of merit (see Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 593).
The respondent's remaining contention, raised as an additional or alternative ground for affirmance, is without merit.
DILLON, J.P., MILLER, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court