# Lincoln Sponsor LLC v Wellington

2024 NY Slip Op 31504(U)

April 24, 2024

Civil Court of the City of New York, Kings County

Docket Number: Index No. LT-307750-23/KI

Judge: Juliet P. Howard

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART ____
---------------------------------------------------------------- X
LINCOLN SPONSOR LLC,

                         Petitioner(s),                   Index No. LT-307750-23/KI

                  - against -                   Motion Seq. 001

PRISCILLA WELLINGTON,                **DECISION/ORDER**

                         Respondent(s),

---------------------------------------------------------------- X

Present:      Hon. Juliet P. Howard
                Judge, Housing Court

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:

**Papers**                                            **Numbered**

Notice of Motion, Affirmation, Affidavit, Exhibits and Memorandum of Law….. 1-10
Affirmation in Opposition and Exhibits………………………………………… 11-12
Reply Affirmation …………………………………………………………..…… 13

Papers Considered: (NYSCEF Doc Nos. 10 through 24)

### Procedural History

On March 6, 2023, Lincoln Sponsor LLC ("Petitioner") commenced this nonpayment proceeding against Priscilla Wellington ("Respondent"). On April 3, 2023, Respondent filed a pro se answer. Subsequently, Respondent retained legal counsel, Brooklyn Legal Service (*see* NYSCEF Doc No. 9, Notice of Appearance). Respondent now moves for leave, pursuant to CPLR 3025(b), to amend Respondent's pro se answer and to dismiss the petition pursuant to CPLR 3211(a)(7) and/or 3212. Petitioner submitted opposition and Respondent replied.

### Respondent's Motion to Amend

"Under CPLR 3025(b), a party may amend a pleading 'at any time' by leave of the court" (*Redd v Village of Freeport*, 150 AD3d 780, 781, quoting CPLR 3025[b]), and "[l]eave shall be

[* 1]

freely given upon such terms as may be just" (CPLR 3025[b]; *see Onewest Bank, FSB v N & R Family Trust*, 200 AD3d 902; *GMAC Mtge., LLC v Coombs*, 191 AD3d 37, 48). "'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (*Onewest Bank, FSB v N & R Family Trust*, 200 AD3d at 903, quoting *Lucido v Mancuso*, 49 AD3d 220, 222; *see GMAC Mtge., LLC v Coombs*, 191 AD3d at 48). "'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (*Ditech Fin., LLC v Khan*, 189 AD3d 1360, 1362, quoting *BAC Home Loans Servicing, L.P. v Jackson*, 159 AD3d 861, 863 [internal quotation marks omitted]; *see Park v Home Depot U.S.A., Inc.*, 183 AD3d 645, 646). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (*Ditech Fin., LLC v Khan*, 189 AD3d at 1362; *see Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411; *Lennon v 56th & Park [NY] Owner, LLC*, 199 AD3d 64, 71-74; *Park v Home Depot U.S.A., Inc.*, 183 AD3d at 646). "The determination to permit or deny the amendment is committed to the sound and broad discretion of the trial court, and its determination will not lightly be set aside" (*Park v Home Depot U.S.A., Inc.*, 183 AD3d at 646 [citations omitted]; *see Kimso Apts., LLC v Gandhi*, 24 NY3d at 411).

Respondent moves for leave to amend his answer to include additional affirmative defenses and counterclaims after consulting with legal counsel. Although Petitioner opposes the amendment arguing that the affirmative defenses in the proposed amended answer are not viable and Petitioner would be prejudiced, the Court disagrees. Nowhere in its opposition does Petitioner demonstrate any surprise or prejudice from the amended answer. The Court also finds the proposed defenses are not palpably insufficient or patently devoid of merit. Furthermore, Respondent should be afforded the opportunity to litigate this proceeding with the benefit of counsel. As such, the branch of Respondent's motion to amend is granted.

### Respondent's Motion to Dismiss

Respondent moves to dismiss the petition, pursuant to CPLR 3211(a)(7) and/or 3212, because the predicate notice defective and it cannot be cured. Petitioner argues that the rent demand provides a good faith estimate of the rental arrears and Respondent does not dispute that she owes

[* 2]

rent. The Court disagrees with the Petitioner and grants Respondent's motion dismissing the petition.

Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law [cite omitted]." (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). A motion to dismiss pursuant to CPLR 3211(a)(7), for failure to state a cause of action, must be denied if the factual allegations contained within "the pleadings' four corners manifest any cause of action cognizable at law." (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-52 [2002]).

It is undisputed that Respondent's monthly rent is $2,36.75.  Petitioner's fourteen-day rent demand states that the "TOTAL RENT $9,220.16" should be paid by Respondent within the fourteen days from the day of service of the demand (NYSCEF Doc. No 15). The demand also states: "**SEE RIDER ATTACHED **"  The attached rider is a ledger that starts in June of 2022 through January of 2023, with a $9,220.16 balance.  The ledger does not only reflect the monthly rent, but also includes an electric charge.

RPAPL § 711(2) requires that the rent demand be clear, unequivocal and provide the tenant with "actual notice of the alleged amount due, period for which the rental claim is made ... and an approximate good faith sum of rent assertedly due for each such period." (*EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A],* [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [quoting *Dendy v McAlpine*, 27 Misc 3d 138[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]).

Courts have found that rent demands including additional charges outside of rent fail to comply with the requirements of RPAPL 711.  (*Meisels Family, Inc v Crittleton*, 78 Misc 3d 1236[A] [Civ Ct, Kings County 2023]; *Pantiago Professional Ctr., LLC v Stankevich*, 60 Misc 3d 133[A] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In *Pantiago Professional Ctr., LLC*, the Appellate Term found that the rent demand was defective and "not sufficiently specific" where it sought common charges. In *Meisels Family, Inc v Crittleton*, the rent ledger attached to the rent demand had additional charges and this Court found that it is insufficient to bring the predicate notice within the requirement of RPAPL 711.

Here, Respondent was confused and could not determine the amount owed on the rent demand (NSYCEF Doc No. 12). Similar to *Pantiago Professional Ctr., LLC* and *Meisels Family,*

[* 3]

*Inc v Crittleton*, the rent demand is not clear as to the outstanding rent owed and for what period and the rider/ledger contains an additional charge, electric charge (NYSCEF Doc. No 15). The ledger begins in June of 2022 through January of 2023, but there is an "Balance Forward" of $3,659.88 and it is unclear as to the origin of that amount. The rent demand must be clear and specific so that it could clearly inform the tenant what is owed and for what period. As such, the Court finds that the rent demand in this matter is defective and since it cannot be cured, Respondent's motion to dismiss the petition is granted without prejudice (*see Chinatown Apts. v Chu Cho Lam*, 51 NY2d 786, 788, 412 N.E.2d 1312, 433 N.Y.S.2d 86 [1980]).

Accordingly, Respondent's motion is granted in its entirety and the petition is dismissed without prejudice.

This constitutes the Decision and Order of this court.

Dated: Brooklyn, New York
        April 24, 2024

_____
Hon. JULIET P. HOWARD
J.H.C.

[* 4]