Ammar v Carbone (2025 NY Slip Op 02180)

Ammar v Carbone

2025 NY Slip Op 02180

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-05594
 (Index No. 721620/19)

[*1]Christopher Ammar, etc., appellant,
v
Quentin Carbone, et al., defendants.

Jones Law Firm, P.C., New York, NY (T. Bryce Jones of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for violations of Labor Law §§ 191 and 195, the plaintiff appeals from an order of the Supreme Court, Queens County (Donna-Marie E. Golia, J.), entered January 11, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Mohammad Hussain as a defendant.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In 2019, the plaintiff commenced this action, inter alia, to recover damages for violations of Labor Law §§ 191 and 195 after he allegedly performed work in a restaurant owned by the defendants and was not paid. In July 2021, the plaintiff moved, among other things, pursuant to CPLR 3025(b) for leave to amend the complaint to add Mohammad Hussain, the alleged manager of the restaurant, as a defendant. The proposed amended complaint included allegations that Hussain, inter alia, violated Labor Law §§ 191, 195, and 663. In an order entered January 11, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for leave to amend the complaint to add Hussain as a defendant. The plaintiff appeals.
"'Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit'" (Singh v T-Mobile, 232 AD3d 662, 667, quoting TD Bank, N.A. v Keenan, 221 AD3d 1040, 1041). "Whether to grant leave to amend is within the trial court's discretion" (Ruland v Leibowitz, 209 AD3d 1051, 1052).
The relevant sections of the Labor Law apply only to employers (see Labor Law §§ 191[1]; 195, 663). Under Labor Law § 190(3), "employer" is defined as "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." Courts apply the "economic reality" test to determine whether an employer-employee relationship exists for purposes of New York Labor Law (see Bonito v Avalon Partners, Inc., 106 AD3d 625; Barfield v New York City Health & Hosps. Corp., 537 F3d 132, 141 [2d Cir]). Under the "economic reality" test, the relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records (see Matter of Carver v State of New York, 87 AD3d 25, 29-30, affd 26 NY3d 272). "'No one of the four factors standing alone is dispositive. Instead, the "economic reality" test [*2]encompasses the totality of circumstances'" (id. at 30, quoting Herman v RSR Sec. Servs. Ltd., 172 F3d 132, 139 [2d Cir]).
Here, the proposed amended complaint was palpably insufficient and patently devoid of merit to the extent that it was asserted against Hussain (see Singh v T-Mobile, 232 AD3d 662; Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924). Contrary to the plaintiff's contentions, although he sought to assert causes of action alleging violations of the Labor Law against Hussain as the alleged manager of the restaurant, the proposed amended complaint failed to sufficiently allege that Hussain was an "employer" as defined by Labor Law § 190(3). There were no allegations that Hussain supervised and controlled the plaintiff's work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records (see Lopez v Puri, 2022 WL 20527200, *4, 2022 US Dist LEXIS 244337, *9-11 [ED NY, No. 20CV3450 (AMD) (MMH)]; Silverstein v Massapequa Union Free Sch. Dist., 2021 WL 1210321, *5, 2021 US Dist LEXIS 63640, *15 [ED NY, No. 18CV4360 (RRM) (AKT)]). Moreover, it appears that the defendants Quentin Carbone and Joseph Carbone, not Hussain, had the power to hire and fire the plaintiff (see Ortiz v Consolidated Edison Co. of N.Y., Inc., 2024 WL 3086161, *14, 2024 US Dist LEXIS 103088, *40 [SD NY 22 Civ. No. 8957 (JLR) (GS)]). Although the Supreme Court is "also free to consider any other factors it deems relevant to its assessment of the economic realities" (Zheng v Liberty Apparel Co., Inc., 355 F3d 61, 71-72 [2d Cir]) and certain other factors are routinely considered (see id.; Lopez v Puri, 2022 WL 20527200, *5-6, 2022 US Dist LEXIS 244337, *13-14), the plaintiff has not advanced any argument on appeal regarding those factors. Thus, Hussain is not an "employer" under Labor Law § 190(3) and the plaintiff cannot assert causes of action alleging violations of the Labor Law against him (see id. §§ 191[1]; 195, 663).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3025(b) for leave to amend the complaint to add Hussain as a defendant.
IANNACCI, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court