Kings Vil. Corp. v Pascal (2025 NY Slip Op 50924(U))

[*1]

Kings Vil. Corp. v Pascal

2025 NY Slip Op 50924(U)

Decided on June 4, 2025

Civil Court Of The City Of New York, Kings County

Ortiz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 4, 2025
Civil Court of the City of New York, Kings County

Kings Village Corp. c/o Akam Associates, Inc., Petitioner,

against
Sharon Pascal, John Doe, Jane Doe, Respondents.

Index No. L&T 310719-24/KI

Mathew Goldberg, Esq.
Hankin & Mazel, PLLC
Great Neck, NY
Attorney for petitioner
Lucia Becker, Esq.
Brooklyn Legal Services
Brooklyn, NY 
Attorneys for respondent

Javier E. Ortiz, J.

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:
Papers Numbered
Respondent's Notice of Motion, along with supporting affirmations and exhibits 10-13
Petitioner's Affirmation in Opposition, along with supporting affirmation 18-19
Respondent's Affirmation in Reply 20
Papers considered: (NYSCEF Doc Nos. 10-13, 18-20)
Facts and Procedural History
This summary nonpayment proceeding commenced on March 26, 2024, alleging that the subject building is a cooperative corporation and that SHARON PASCAL (hereinafter "Respondent"), as the proprietary lessee, owes $33,916.30 in "total rent arrears". (NYSCEF Doc. [*2]1). Prior to commencement of the proceeding, Petitioner served a Fourteen (14) Day Notice (hereinafter "rent demand"), dated January 24, 2024, which required Respondent to pay $31,741.27 or vacate the subject premises. Both the petition and rent demand state, "SEE TENANT PROFILE ATTACHED" and provide a printout of the rent ledger maintained by the Petitioner. The ledger contains a list of itemized charges including "maintenance," "assessment," "parking" and "legal fees." (NYSCEF Doc. 13; Respondent's Exhibit A). Most of these charges contain a date for when they accrued with exception to the legal fees and the following three forwarded balances: $17,535.48 for maintenance, $2,897.83 for assessment and $2,100 for parking. These forwarded balances are labeled with the term, "Prior Agent." (Id.).
On July 15, 2024, Respondent filed a pro se answer and received an initial court date of December 12, 2024. Brooklyn Legal Services subsequently filed a notice of appearance as counsel for Respondent. On February 25, 2025, Respondent filed the instant motion seeking dismissal pursuant to CPLR §3211(a)(7) on the basis that Petitioner's rent demand is defective for two reasons: 1) the rent demand contains impermissible non-rent charges and fees; and 2) the demand includes lump sum charges that do not delineate the period for when the arrears allegedly accrued. (NYSCEF Doc. 11 at ¶ 2(a)). The motion was fully briefed and submitted after argument on May 14, 2025.
Discussion
It is well settled that service of a proper rent demand is the foundation of a summary nonpayment proceeding. (EOM 106-15 217th Corp. v. Severine, 62 Misc 3d 141[A], 112 N.Y.S.3d 861, 2019 NY Slip Op 50068[U] [App. Term, 2d Dept., 2d, 11th & 13th Jud. Dists. 2019]. A proper rent demand provides a tenant with a "good faith estimate of the arrears owed." (Dendy v. McAlpine, 27 Misc 3d 138[A], 911 N.Y.S.2d 691, 2010 NY Slip Op 50890[U] [App. Term, 2d Dept., 2d, 11th & 13th Jud. Dists. 2019]. Overall, the purpose of the rent demand is to "fairly appraise the tenant of the periods for which rent is allegedly due and in what amounts." (Pantigo Professional Ctr., LLC v. Stankevich, 60 Misc 3d 133[A], 100 N.Y.S.3d 194, 2018 NY Slip Op 51039[U] [App. Term, 2d Dept., 9th & 10th Jud. Dists. 2018; see also Meisels Family, Inc. v. Crittleton, 78 Misc 3d 1236[A], 187 N.Y.S.3d 577, 2023 NY Slip Op 50436[U] [Civ. Ct. Kings. Co. 2023] ["The purpose of the rent demand is to notify the tenant is what is owed and for what period."] [emphasis added]).
At controversy in the case at bar is whether the inclusion of fees and lump sum charges without monthly delineations in the rent demand fairly provided Respondent with a good faith estimation of the alleged balance due? The Court finds it did not.
Fees and Non-Rent Charges
Respondent argues that Petitioner's rent demand is defective because it contains impermissible fees and other non-rent charges. (NYSCEF Doc. 11). Petitioner, in opposition, argues that because the subject building is a cooperative, the Petitioner is entitled to seek fees in this proceeding under the terms of the proprietary lease agreement between the parties. (NYSCED Doc. 19). Petitioner relies on RPAPL §702(2) which carves out an exception to the bar on non-rent charges involving certain cooperative housing corporations "provided that the proprietary lease or occupancy agreement [with] the tenant provides for fees, charges, penalties or assessments other than rent to be recoverable in such a proceeding." (RPAPL §702[2]).
This alleged infirmity does not rise to the level needed for this Court to dismiss the case. Here, neither party provided a copy of the proprietary lease as an exhibit. Considering that Respondent has submitted a motion to dismiss pursuant to CPLR §3211(a)(7), the Court must [*3]liberally construe the petition and draw every inference favorable to the Petitioner. (Leon v. Martinez, 84 NY2d 83, 87, 638 N.E.2d 511, 614 N.Y.S.2d 972 [1994]; Sokoloff v. Harriman Estates Dev. Corp., 96 N.Y.S2d 409, 414, 729 N.Y.S.2d 425, 754 N.E.2d 184 [2001]). So long as the factual allegations contained within the four corners of the pleading manifest any cognizable cause of action, a motion to dismiss for failure to state a cause of action must fail. (511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 NY2d, 144, 152, 773 N.E.2d 496, 746 N.Y.S.2d 131 [2002]).
According to the petition the subject premises is "part of a cooperative corporation" and the Respondent "entered into possession under a proprietary lease " (NYSCEF Doc. 1 at ¶¶ 8 and 3). While the Court has not seen the proprietary lease agreement, when drawing every inference in favor of the Petitioner the Court infers that the proprietary lease permits the Petitioner, a cooperative corporation, to seek fees and other non-rent charges in this proceeding. Thus, under RPAPL §702(2), the inclusion of fees and other non-rent charges do not, alone, render the rent demand defective.
Lump Sum Charges
The Court finds this portion of Respondent's motion more compelling. Respondent argues that Petitioner's rent demand is defective because it contains three lump sum charges. (NYSCEF Doc. 11). These balances, unlike the remaining charges on the ledger, are not labeled with a specific period when they came due but are instead listed as "Prior Agent." (NYSCEF Doc. 13). Petitioner explains that at the time it served the rent demand, the subject premises had "recently changed managing agents; as such, maintenance/assessment balances, as well as all non-rent charge balances, were transferred from the Co-op's prior managing agent's rent ledger system." (NYSCEF Doc. 18 at ¶ 6). This Court finds this argument unavailing.
A rent demand that contains a lump sum of alleged rent arrears and fails to state "the particular periods" for which a landlord claims unpaid rent renders the rent demand defective. (320 Manhattan Ave L.P. v. Koita, N.Y.L.J. June 30, 2010 at 26:1, 2010 NYLJ Lexis 7021 [Civ. Ct. NY Co. 2010], see also Lincoln Sponsor LLC v. Wellington, 2024 NY Slip Op 31504[U] [J. Howard dismissing the petition after finding the rent demand was defective because it contained a $3,659.99 "Balance Forward" charge which did not specify the origin of the amount and for what period it was due.]).
Going a step further, a rent demand that contains lump sum charges is defective even when part of the rent sought in the predicate demand was not a lump sum. (St. James Court LLC v. Booker, 176 Misc 2d 693, 695-96, 673 N.Y.S.2d 821 [Civ. Ct. Kings. Co. 1998]).
Here, both scenarios are present. Petitioner's rent demand contains a total of $22,533.31 between "maintenance," "assessment," and "parking" lump sum charges that do not specify the periods for which these amounts accrued. (NYSCEF Doc. 13). Altogether, the $22,533.31 in lump sum charges constitutes 71% of the total $31,741.27 sought in the demand. Petitioner's explanation for the presence of these lump sum amounts in the rent demand is woefully inadequate. A landlord's change in management companies does not abrogate its requirement under the law to serve a rent demand specifying the period of alleged arrears, whether in straight rent or fees encompassed in the proprietary lease. A rent demand that contains lump sum charges, especially where those amounts constitute 71% of the total amount demanded, does not constitute a good faith approximation of what is owed and unfairly prejudices the Respondent's "ability to respond to the demand, formulate defenses, and avoid litigation." (561-11 94th St. Co. L.L.C. v. Jara, 64 Misc 3d 1212[A], 116 N.Y.S.3d 866, 2019 NY Slip Op 51121[U] [Civ. Ct. [*4]Qns. Co. 2019] [quoting EOM 106-15 217th Corp., 62 Misc 3d 141[A]]). As predicate notices may not be amended, a defective predicate notice destroys the viability of a summary RPAPL proceeding. (Chinatown Apts. v. Chu Cho Lam, 51 NY2d 786, 788, 412 N.E.2d 1312, 433, N.Y.S.2d 86 [1980]).
Accordingly, for the reasons stated herein it is:
ORDERED that Respondent's motion to dismiss is granted in part and the petition is dismissed without prejudice.
This constitutes the decision and order of this Court.
Dated: June 4, 2025
Brooklyn, New York
HON. JAVIER E. ORTIZ
J.H.C.