**Pena v City of New York**

2025 NY Slip Op 32395(U)

July 7, 2025

Supreme Court, New York County

Docket Number: Index No. 154727/2022

Judge: Carol Sharpe

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. CAROL SHARPE**
*Justice*

PART **52M**

------------------------------------------------------------------X

SERGIO PENA,

Plaintiff,

- v -

THE CITY OF NEW YORK, NYCHA MB HOUSING DEVELOPMENT FUND CORPORATION, THE NEW YORK CITY HOUSING AUTHORITY

Defendant.

------------------------------------------------------------------X

INDEX NO. 154727/2022

MOTION DATE 12/13/2024, 12/23/2024

MOTION SEQ. NO. 001 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for _____ AMEND CAPTION/PLEADINGS _____.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for _____ DISMISSAL _____.

Upon the foregoing documents, and following oral arguments, plaintiff's motion to amend its pleadings and Defendant City of New York's motion to dismiss were both granted on the record.

Plaintiff moved for an order granting leave to supplement the summons and amend the complaint, pursuant to CPLR §1003 and CPLR 3025(b), to add Pact Renaissance Collaborative, LLC, and Monadnock Construction Inc. as additional defendants, and to amend the caption of the case accordingly (Motion Sequence #1). Thereafter, defendant The City of New York ("City") moved for a motion to dismiss the complaint and any cross-claims against it pursuant to CPLR §3211(a)(7) for failure to state a cause of action (Motion Sequence #2). No opposition was filed on either motion.

Plaintiff commenced this action by filing a summons and complaint on June 3, 2022, alleging personal injuries suffered when he slipped and fell on a slippery staircase within a building

154727/2022  PENA, SERGIO vs. THE CITY OF NEW YORK ET AL
Motion No.  001 001 002

Page 1 of 5

[* 1]

located at 545 West 156th Street in New York County. Issue was joined upon the filing of Answers by New York City Housing Authority ("NYCHA") and NYCHA MB Housing Development Fund Corporation (collectively "NYCHA Defendants") on July 11, 2022, and City on August 9, 2022, respectively. City's Answer included cross-claims against NYCHA Defendants for liability and/or indemnification.

CPLR §1003 allows for parties to be added at any stage of the action by leave of the court or by stipulation of all parties. CPLR 3025(b) states:

> A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances. Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading.

"Applications for leave to amend pleadings under CPLR 3025 (b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit." *TD Bank, N.A. v. Keenan*, 221 A.D.3d 1040, 1041, 201 N.Y.S.3d 442, 444 (2nd Dept. 2023); *See also First Natl. Bank of Long Is. v. Four Keys Realty, LLC,* 213 A.D.3d 639, 641, 182 N.Y.S.3d 274, 276 (2nd Dept. 2023). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion." *Ditech Fin., LLC v. Khan*, 189 A.D.3d 1360, 1362, 139 N.Y.S.3d 293, 296 (2nd Dept. 2020). "The determination to permit or deny the amendment is committed to the sound and broad discretion of the trial court [internal citations omitted], and its determination will not lightly be set aside." *Park v. Home Depot U.S.A., Inc.*, 183 A.D.3d 645, 646, 121 N.Y.S.3d 641, 642 (2nd Dept. 2020). *See Ingrami v. Rovner*, 45 A.D.3d 806, 847 N.Y.S.2d 132 (2nd Dept. 2007).

**154727/2022 PENA, SERGIO vs. THE CITY OF NEW YORK ET AL**      **Page 2 of 5**
**Motion No. 001 001 002**

2 of 5

[* 2]

Plaintiff seeks to file the supplemental summons and amended complaint on the grounds that they learned about two additional defendants' possible involvement in the incident during the 50(h) hearings. Plaintiff believes they are responsible for some of the maintenance, cleaning and repair of the premises where the alleged incident took place. Plaintiff properly filed its motion pursuant to CPLR §1003, and as neither NYCHA Defendants nor City opposed the motion, there is no evidence of prejudice or surprise that would unfairly prevent the defendants from defending themselves in the action. Accordingly, the motion should be granted.

When a court considers a motion to dismiss under CPLR 3211(a)(7), the pleadings must be liberally construed, the facts as alleged in the complaint are accepted as true, the plaintiff is given "the benefit of every possible favorable inference, and [the court] determine[s] only whether the facts as alleged fit within any cognizable legal theory." *Leon v. Martinez*, 84 N.Y.2d 83, 87-88, 614 N.Y.S.2d 972, 638 N.E.2d 511 (1994); *See also Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 326, 746 N.Y.S.2d 858, 864-65, 774 N.E.2d 1190, 1196-97 (2002). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate." *Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 185, 372 N.E.2d 17, 20-21 (1977). *See also Rovello v. Orofino Realty Co.*, 40 NY2d 633, 636, 389 N.Y.S.2d 314, 316, 357 N.E.2d 970, 972 (1976)("…affidavits submitted by the defendant will seldom if ever warrant the relief he seeks unless too the affidavits establish conclusively that plaintiff has no cause of action.")

**154727/2022   PENA, SERGIO vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 001 002**

**Page 3 of 5**

[* 3]

3 of 5

Here, plaintiff's complaint alleges that City "owned, operated, inspected, supervised, controlled, designed, constructed, managed, maintained and repaired" the building in which the alleged incident took place (Plaintiff's Verified Complaint, NYSCEF Doc. #1, ¶25). However, City's Affirmation in Support of its motion includes, as an exhibit, the affidavit of David Schloss, a Senior Title Examiner from the Office of Corporation Counsel, which states that the building in which the alleged incident took place is deeded to NYCHA (NYCSEF Doc. #34). This fact negates plaintiff's contention in its complaint that the City owned the building, and proves that City owes no duty to plaintiff, thus no cause of action exists. Accordingly, it is hereby

**ORDERED**, that plaintiff's motion to supplement and amend the complaint, and amend the caption, is granted; it is further

**ORDERED**, that defendant City of New York's motion to dismiss plaintiff's claims and any cross-claims against it is granted; it is further

**ORDERED**, that the City of New York be removed as a party to this action; it is further

**ORDERED**, that the action is severed and continued against the remaining defendants; it is further

**ORDERED**, that Pact Renaissance Collaborative, LLC and Monadnock Construction Inc., are hereby added as additional defendants in this action; it is further

**ORDERED**, that the caption be amended to reflect the dismissal and amendments, and that all future papers filed with the court bear the amended caption; it is further

**ORDERED**, that the caption is amended to read as follows:

-----------------------------------------------------------------------X

SERGIO PENA,
                              Plaintiff,

                    - v -

**154727/2022   PENA, SERGIO vs. THE CITY OF NEW YORK ET AL**
**Motion No. 001 001 002**

**Page 4 of 5**

4 of 5

NYCHA MB HOUSING DEVELOPMENT FUND
CORPORATION, NEW YORK CITY HOUSING
AUTHORITY, PACT RENAISSANCE COLLABORATIVE,
LLC, MONADNOCK CONSTRUCTION INC.

Defendants.

-------------------------------------------------------------------------X

; it is further

**ORDERED**, that counsel for plaintiff shall serve a copy of this order with notice of entry

upon all parties and the Clerk of the Court within twenty (20) days of the date of this Order, and

shall file proof of said service, and the Clerk of the Court is directed to mark the court's records to

reflect the change in the caption herein; and it is further

**ORDERED**, that such service upon the Clerk of the Court and the Clerk of the General

Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on*

*Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-

Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

ENTER:

_____
July 7, 2025
DATE

_____
HON. CAROL SHARPE, J.S.C.

**HON. CAROL SHARPE
J.S.C.**

| CHECK ONE: | | | | | |
|---|---|---|---|---|---|
| | | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| | x | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154727/2022   PENA, SERGIO vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 001 002**

Page 5 of 5

5 of 5