Kessler v Roman Catholic Diocese of Brooklyn
2026 NY Slip Op 03954
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Kessler, respondent,
v
Roman Catholic Diocese of Brooklyn, defendant, St. John Vianney Roman Catholic Church, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-12521, (Index No. 520629/21)
Colleen D. Duffy, J.P.
Angela G. Iannacci
Paul Wooten
James P. McCormack, JJ.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellants.
Horowitz Law, Canastota, NY (Eric S. Cantor and Jessica Arbour, pro hac vice, of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for negligence, the defendants St. John Vianney Roman Catholic Church and Blessed Sacrament Roman Catholic Church appeal from an order of the Supreme Court, Kings County (Alexander M. Tisch, J.), dated October 8, 2025. The order granted the plaintiff's motion pursuant to CPLR 3025 for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
In August 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants, Blessed Sacrament Roman Catholic Church (hereinafter Blessed Sacrament), St. John Vianney Roman Catholic Church (hereinafter St. John Vianney), and Roman Catholic Diocese of Brooklyn. The plaintiff alleged, among other things, that he was sexually abused by Father John Padian, who, at the relevant times alleged, was employed by the defendants and/or under the defendants' supervision. The plaintiff alleged that at the time of the abuse, Padian was assigned, inter alia, to Blessed Sacrament in Jackson Heights, but listed Blessed Sacrament's address as being in Brooklyn.
In April 2024, the plaintiff moved pursuant to CPLR 3025 for leave to amend the complaint to change Blessed Sacrament's address to reflect that it was located in Jackson Heights. Blessed Sacrament and St. John Vianney (hereinafter together the parish defendants) opposed the plaintiff's motion. In an order dated October 8, 2025, the Supreme Court granted the plaintiff's motion. The parish defendants appeal.
Leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit (see Krakovski v Stavros Assoc., LLC, 245 AD3d 696, 697; Cirillo v Lang, 206 AD3d 611, 612). The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion (see Avenue 37, LLC v Imperial Palace II, Inc., 244 AD3d 1038, 1039-1040; First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641). Applications to amend pleadings are within the sound discretion of the court (see Kimso Apts., [*2]LLC v Gandhi, 24 NY3d 403, 411; Park v Home Depot U.S.A., Inc., 183 AD3d 645, 646).
Here, the Supreme Court providently exercised its discretion in allowing the plaintiff to amend the complaint to correct the address for Blessed Sacrament. The parish defendants failed to show that they were prejudiced or surprised by the proposed amendment, and did not establish that the proposed amendment was patently devoid of merit or palpably insufficient (see Avenue 37, LLC v Imperial Palace II, Inc., 244 AD3d at 1040; Park v Home Depot U.S.A., Inc., 183 AD3d at 647). Contrary to the contention of the parish defendants, the plaintiff was not required to satisfy the requirements of the relation-back doctrine test to add a new party as a defendant set forth in Buran v Coupal (87 NY2d 173, 178-181), since the plaintiff was not seeking to add a new party.
DUFFY, J.P., IANNACCI, WOOTEN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court